UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     "o"

| Case No. | CV16-01951-CAS (RAOx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | WILLIAM P. AULL v. NBS DEFAULT SERVICES, LLC, ET AL; | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Ingrid Valdes | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| William Aull, Pro Se- Not Present | Adam Summerfield | |

**Proceedings:**     DEFENDANTS' MOTION TO DISMISS THE COMPLAINT (Dkt. 7, filed March 29, 2016)

## I. INTRODUCTION

On January 12, 2016, pro se plaintiff William P. Aull filed the instant action in the Los Angeles County Superior Court against defendants NBS Default Services, LLC ("NBS") and Nationstar Mortgage, LLC ("Nationstar") (collectively, "defendants"). Dkt. 1, Ex. A (Compl.). The complaint asserts claims for (1) "fraud and forgery," (2) violation of "UCC 8-302 Non Bona Fide Purchaser," (3) a claim in equity to set aside a wrongful foreclosure sale, and (4) a claim for violations of the Homeowner Bill of Rights, California Civil Code section 2924, et seq. Id. at 1. On March 22, 2016, defendants removed this action to federal court, asserting diversity jurisdiction. Dkt. 1.

On March 29, 2016, defendant Nationstar filed the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 7 ("Motion"). On April 19, 2016, defendants filed a notice of non-receipt of opposition to the instant motion. Dkt. 10. To date, plaintiff has made no filings or submissions in this action since the matter was removed to federal court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-01951-CAS (RAOx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | WILLIAM P. AULL v. NBS DEFAULT SERVICES, LLC, ET AL; | | |

**II. BACKGROUND[1]**

In April 2007, plaintiff obtained a $1,436,000.00 mortgage loan from non-party Bank of America, N.A. See Deft's Request for Judicial Notice ("RJN"), Ex. A, B.[2] This loan was evidenced by a promissory note and secured by a Deed of Trust over real property located at 2186 Westridge Road, Los Angeles, California 90049 (the "Property").

On September 17, 2010, a Notice of Default was recorded in the Los Angeles County Recorder's Office stating that plaintiff had failed to make his March 2010 mortgage payment and all subsequent payments, which collectively amounted to over $60,000.00. Id., Ex. C. One week later, an assignment of plaintiff's Deed of Trust was recorded, evidencing an assignment of the beneficial interest in the Deed of Trust from Bank of America, N.A. to U.S. Bank, N.A., as Trustee for the Certificate-holders of Banc

---

[1] Plaintiff's complaint contains no succinct recitation of factual allegations, and those allegations that are pled in the complaint feature inconsistent dates, as well as vague and conclusory assertions. Indeed, the complaint appears to contain sections that have been copied wholesale from other unrelated actions. See Compl. at 17 (referring to an assignment of a deed of trust that took place in 2005, two years before plaintiff obtained the loan at issue in this action), 22 (referencing the Solano County Recorder's Office rather than the Los Angeles County Recorder's Office), 28 (referring to plaintiff "Marc Thomas"). Accordingly, the Court's recitation of the background facts here refers extensively to the judicially-noticed documents provided by defendants, some of which are also incorporated by reference in plaintiff's complaint.

[2] Defendants filed a request for judicial notice of certain documents contained in the official public records of the County of Los Angeles. Dkt. 8. The Court grants defendants' request for judicial notice because these documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of these types of documents. See, e.g., Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb.24, 2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb.14, 2011); Giordano v. Wachovia Mortg., 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV16-01951-CAS (RAOx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | WILLIAM P. AULL v. NBS DEFAULT SERVICES, LLC, ET AL; | | |

of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-D. Id., Ex. D.

In August 2011, plaintiff recorded a grant deed, under which he purportedly assigned 20% of his interest in the Property to himself and three other persons. Id., Ex. E. This assignment was dated June 5, 2009, although the notarization was dated April 9, 2011. Id. In November 2011, plaintiff again purportedly assigned 20% of his interest in the Property to another person. Id., Ex. F. This assignment was dated March 11, 2011. Id.

In February 2013, the September 2010 Notice of Default was rescinded. Id., Ex. G. In October 2013, a corrective assignment of the Deed of Trust was recorded, indicating that the beneficial interest in the Deed of Trust was assigned from Bank of America, N.A. to "Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-D, U.S. Bank National Association, as Trustee c/o Specialized Loan Servicing, LLC." Id., Ex. H. This assignment expressly stated that it was being recorded to correct the named assignee on the 2010 assignment. See id.

In August 2014, another Notice of Default was recorded, stating that plaintiff still had not made his March 2010 payment, or any subsequent payments. Id., Ex. I; see also Compl., Ex. C. The August 2014 Notice of Default also indicated that the amount in arrears totaled over $575,000.00. Id. In December 2014, a Notice of Trustee's sale was recorded, stating that the total amount plaintiff owed under his Deed of Trust and promissory note was estimated to be $2,005,458.31. Id., Ex. J. On January 7, 2016, the Property was sold to a third party at a trustee's sale, and a trustee's deed upon sale was recorded on January 19, 2016. Id., Ex. K.

### III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-01951-CAS (RAOx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | WILLIAM P. AULL v. NBS DEFAULT SERVICES, LLC, ET AL; | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-01951-CAS (RAOx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | WILLIAM P. AULL v. NBS DEFAULT SERVICES, LLC, ET AL; | | |

## II. ANALYSIS

### A. Plaintiff's Failure to File an Opposition to the Motion to Dismiss

Under Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7–12. See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); Holt v. I.R.S., 231 Fed. App'x. 557, at *1 (9th Cir. 2007) (same; and rejecting a pro se litigant's contention that the district court should have warned her of the consequences of failing to file an opposition). Accordingly, plaintiff's failure to file an opposition to the instant motion to dismiss provides independent grounds for granting the motion.

### B. The Claims Asserted in the Operative Complaint

The operative complaint in this action asserts four claims for relief. For the reasons explained in the discussion that follows, the Court dismisses plaintiff's claims without prejudice.[3]

---

[3] Plaintiff also makes various general allegations in his complaint, seemingly untied to any particular claim, that do not support plaintiff's claims for relief. For example, although plaintiff alleges that the assignment of his Deed of Trust is void because it occurred without a corresponding *publicly-recorded* assignment of his promissory note, this argument fails because assignments or transfers of promissory notes need not be recorded. Herrera v. Fed. Nat. Mortgage Assn., 205 Cal. App. 4th 1495, 1506 (2012) ("[S]ince the assignment of the debt (the promissory note), as opposed to the security (the DOT), commonly is not recorded, the lender could have assigned the note to the beneficiary in an unrecorded document not disclosed to plaintiffs."), abrogated on other grounds by Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016). Accordingly, it does not follow that any assignment of the Deed of Trust is rendered void without a corresponding recorded assignment of the promissory note. See id. Similarly, to the extent plaintiff is alleging that the transfer of his Deed of Trust without his promissory note rendered any documents or transfers void, see Compl. at 5, this argument also fails as a matter of law. See, e.g., Lane v. Vitek Real Estate Indus. Group, 713 F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-01951-CAS (RAOx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | WILLIAM P. AULL v. NBS DEFAULT SERVICES, LLC, ET AL; | | |

### 1. Claim for "Forgery and Fraud"

Plaintiff's first claim is for "forgery and fraud." Compl. at 17. While plaintiff alleges that the assignment of the Deed of Trust "contained false statements," plaintiff fails to identify any particular statements as actually being false. "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiff must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.' " Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 995 (9th Cir. 2014) (quoting Twombly, 550 U.S. at 556-57). Plaintiff's complaint contains little such factual enhancement regarding defendants' alleged fraud, relying instead upon generalized assertions, "legal conclusions," and "threadbare recitals of a cause of action." Iqbal, 556 U.S. at 678 (citation omitted); see also Twombly, 550 U.S. at 555 (noting Federal Rule of Civil Procedure 8(a)(2) requires "more than labels and conclusions" and that "[f]actual allegations must be enough to raise a right to relief above a speculative level").[4]

Plaintiff's claim for fraud is accordingly dismissed without prejudice.

### 2. Claim for "Violation of UCC 8-302"

Plaintiff's second claim is for violation of Article 8 of the Uniform Commercial Code. In this portion of plaintiff's complaint, plaintiff appears to allege that the trustee's

---

Supp. 2d 1092, 1098-99 (E.D. Cal. 2010) (party enforcing secured obligation is not required to have a beneficial interest in, or physical possession of, the promissory note); Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal. App. 21 4th 433, 440-42 (2012) (foreclosing party need not possess promissory note).

[4] In attempting to assert a claim for fraud, plaintiff also cites to provisions of the Uniform Commercial Code (UCC) detailing the requirements for enforceability of security interests. Id. at 18. However, the UCC "does not apply to nonjudicial foreclosures under deeds of trust," because the "comprehensive statutory framework established [by the California Civil Code] is intended to be exhaustive." Aguirre v. Cal-Western Reconveyance Corp., No. 11-6911 2012 WL 273753 (C.D. Cal. Jan 30, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-01951-CAS (RAOx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | WILLIAM P. AULL v. NBS DEFAULT SERVICES, LLC, ET AL; | | |

sale is void because the foreclosing entity lacked possession of the note and thereby ran afoul of section 2932.5 of the California Civil Code. Compl., at 22-23. Plaintiff further alleges that these purported errors rendered the transfer of his loan and/or Deed of Trust invalid under Article 8 of the UCC. Id. at 23-24. Both of these contentions fail.

First, "California law does not require possession of the note as a precondition to a non judicial foreclosure under a deed of trust." Pagtalunan v. Reunion Mortg., Inc., No 09-162 2009 WL 961995 (N.D. Cal. April 8, 2009). Second, Section 2932.5 of the California Civil Code dictates that only assignments of mortgages—not deeds of trust—must be recorded. See Cal. Civ. Code§ 2932.5; Haynes v. EMC Mortgage Corp., 205 Cal. App. 4th 329, 335-36 (2012) (noting that section 2932.5 "by its plain terms, does not apply to deeds of trust"). Finally, and most importantly here, plaintiff's claim for "violation of UCC 8-302" must fail because Article 8 of the Uniform Commercial Code covers investment securities—not loans or deeds of trust. See UCC § 8-102; Aguirre v. Cal-Western Reconveyance Corp., No. 11-6911 2012 WL 273753 (C.D. Cal. Jan 30, 2012).

Accordingly, plaintiff's claim for "violation of UCC 8-302" is dismissed without prejudice.

### 3. Claim to Set Aside the Foreclosure Sale

Plaintiff's third claim is a claim in equity to set aside the foreclosure sale. See Compl. at 24-25. "After a nonjudicial foreclosure sale has been completed, the traditional method by which the sale is challenged is a suit in equity to set aside the trustee's sale." Lona v. Citibank, N.A., 202 Cal.App.4th 89, 103 (2011). Elements of this equitable claim are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage deed or trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Id. at 104. "Justifications for setting aside a trustee's sale [under the first element] . . . include the trustee's or the beneficiary's failure to comply with the statutory procedural requirements for the notice or conduct of the sale." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-01951-CAS (RAOx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | WILLIAM P. AULL v. NBS DEFAULT SERVICES, LLC, ET AL; | | |

However, "under California law, '[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'" Agbabiaka v. HSBC Bank USA Nat. Association, 2010 WL 1609974, *6 (N.D. Cal. Apr. 20, 2010) (quoting Karlsen v. American Savings and Loan Assoc., 15 Cal.App.3d 112, 117-18 (1971)); see also Lester v. J.P. Morgan Chase Bank, 926 F.Supp.2d 1081, 1092 (N.D. Cal.2013) ("Generally, the 'tender rule' applies to claims to set aside a trustee's sale for procedural irregularities or alleged deficiencies in the sale notice"). "The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." Lona, 202 Cal. App. 4th at 112. Accordingly, the tender rule prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 WL 740375, *2 (N.D. Cal. Sept.15, 1999).

Here, plaintiff has failed sufficiently to plead that he has tendered the amount of his indebtedness, as required for him to maintain a claim. Stebley v. Litton Loan Servicing, LLP, 202 Cal. App. 4th 522, 526 (2011) ("A full tender must be *made* to set aside a foreclosure sale, based on equitable principles."); see also Hernandez v. Select Portfolio, Inc., 2015 WL 3914741, at *11 (C.D. Cal. June 25, 2015) ("Allegations concerning tender must go beyond mere conclusory assertions that plaintiff has offered to tender the amount of his or her indebtedness.").

Accordingly, plaintiff's claim in equity to set aside the non-judicial foreclosure sale of the Property is dismissed without prejudice.

### 4. Claim for Violation of California Civil Code Section 2924

Plaintiff's final claim asserts violations of the California Homeowner Bill of Rights, California Civil Code section 2924, et seq. Compl. at 25. In this section of the complaint, plaintiff alleges that between October 2015 and December 2015, he sent a "Completed Loan modification packet" to defendants, and that defendant Nationstar allegedly responded on November 1, 2015 to inform plaintiff that his loan modification was under review. Id. On December 15, 2015, plaintiff purportedly requested a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-01951-CAS (RAOx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | WILLIAM P. AULL v. NBS DEFAULT SERVICES, LLC, ET AL; | | |

postponement of the foreclosure sale, which Nationstar allegedly said it would consider. Id. Nonetheless, the foreclosure sale proceeded to take place on January 7, 2016. Id.

Ultimately, however, plaintiff fails to state a claim under California Civil Code section 2924 because the complaint "fail[s] to allege the specific provision of § 2924 that Defendants violated." Campos v. Bank of Am., Inc., No. C 11-0431SBA, 2012 WL 2862603, at *4 (N.D. Cal. July 11, 2012); see Kelley v. Mortgage Electronic Registration Sys., Inc., 642 F.Supp.2d 1048, 1057 (N.D.Cal.2009) (dismissing § 2924 claim because plaintiff failed to identify provision of nonjudicial foreclosure statute that defendant violated); Nissim v. Wells Fargo Bank, N.A., No. C 12-1201 CW, 2013 WL 192903, at *10 (N.D. Cal. Jan. 17, 2013) (dismissing complaint and granting plaintiff leave to amend "to identify the particular subsection of section 2924 that he alleges Defendants have violated").

Accordingly, plaintiff's fourth claim is dismissed without prejudice.

### III.    CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is hereby **GRANTED** without prejudice.

Plaintiff is granted **twenty-one (21) days** to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

|  | : | 01 |
|---|---|---|
| Initials of Preparer | | IV |